Circuit Court of Cuyahoga County.

JAMES VAN NOVER v. DAVID ESHLEMAN ET AL.

Decided, May 31, 1910.

*Execution on Dormant Judgment—Voidable Only.*

An execution upon a dormant judgment is not absolutely void, but voidable only, and must first be set aside upon motion made in the court whence it issued, before it ceases to be a lien upon the land upon which it was levied.

*John McSweeney* and *M. L. Spooner,* for plaintiff in error.
*A. D. Metz, Higley & Maurer* and *Hills & Van Derveer,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The main question sought to be presented in this case is as to the validity of an execution issued between the date of a conditional order of revivor of a dormant judgment and the date of the order making such revivor absolute. We have not found it necessary to consider this question because of our conclusion upon a secondary question presented in argument relative to the validity of executions issued upon judgments that are dormant irrespective of the pendency of revivor proceedings. The authorities clearly hold that such executions are not void but merely voidable, and they may be set aside only upon motion made in the court whence such execution issues. *Freeman on Executions,* Sections 29, 30, 75 and 76; *Green* v. *Cutwright,* Wright's Reports, 738.

We fail to see that *Kelley* v. *Vincent,* 8 Ohio St., 415, sometimes cited to the contrary, is in point. The action below is an independent suit brought to marshal liens and to foreclose the lien of a judgment rendered in a foreign county, which lien arises, if at all, from the execution in question issued to the sheriff of this county and levied upon the lands here. We think the execution was not void, but at most only voidable, and that it could only be set aside by a motion in the court from which it issued.

It follows that the judgment of the court below which found the contrary is erroneous, and the same is reversed and the cause remanded for further proceedings according to law.